UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ZUMBAUGH,

    Plaintiff,

vs.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

Case No.:

**PLAINTIFF MARK ZUMBAUGH'S COMPLAINT AND JURY DEMAND**

Plaintiff, MARK ZUMBAUGH ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), alleging as follows:

### Introduction

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. The TCPA was legislated to prevent companies like PORTFOLIO RECOVERY ASSOCIATES, LLC from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56

(11th Cir. 2014).

## Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 47 U.S.C. § 227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012) holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Jurisdiction also arises pursuant to 15 U.S.C. § 1692(k)(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Venue is proper in the United States District Court for the Western District of Michigan pursuant to 28 U.S.C § 1391(b)(1)-(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

6. The violations described in this Complaint occurred simultaneously in Michigan.

## Parties

7. Plaintiff is a natural person residing in Charlevoix County, in the city of Boyne Falls, Michigan and is otherwise *sui juris*.

8. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692(a)(3).

9. Defendant is a Ohio limited liability company conducting business in the state of Michigan, with its principal place of business located in Norfolk, Virginia.

10. Defendant is a "person" as defined by 47 U.S.C. §153 (39).

11. Defendant is a debt collector as defined by 15 U.S.C. § 1692(a)(6), and sought to collect a consumer debt from Plaintiff.

12. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Factual Allegations**

13. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts that arose from personal, family, and household purposes and that were incurred through purchases made on credit.

14. Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014).

15. Defendant placed collection calls to at telephone number (231) XXX-2332.

16. Telephphone number (231) XXX-2332 is assigned to cellular telephone service.

17. Defendant placed collection calls to Plaintiff from various telephone numbers including, but not limited to, (817) 576-0518, (816) 335-4379, (866) 447-0650, (205) 277-2646, (231) 265-8001, (810) 546-6049, (724) 305-1051, (754) 200-7588, (443) 574-3374, (760) 544-0417, (469) 270-7957, (657) 259-1071, (336) 387-0492, (810) 540-6053, (517) 586-1037, (817) 382-0020, (866) 459-0393, (866) 459-0388, (912) 559-0108, (205) 679-6323.

18. Upon information and belief, based on the number, frequency and timing of the calls, Defendant's calls were placed with an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice, to place telephone calls to Plaintiff.

19. Defendant's calls were not for emergency purposes, which would be excepted by 47 U.S.C. § 227(b)(1)(A).

20. Defendant's calls were in connection with an attempt to collect a consumer debt arising from transactions which were for personal, family, and/or household purposes and allegedly owed

by Plaintiff and past due.

21. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

22. On or about February 5, 2019, Plaintiff spoke with a representative of Defendant's company at phone number (817) 576-0518, and told Defendant to stop calling his cellular telephone.

23. During the February 5, 2019 conversation, Plaintiff informed Defendant that he was represented by Debt Settlement Group, Inc. ("DSG") and that all future communications should be directed to DSG.

24. On or about February 6, 2019 and March 18, 2019, DSG sent an "Authorization to Release Information" document to Defendant, informing Defendant to direct all future communications concerning the alleged debt to DSG.

25. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls in his conversation with Defendant's representative on February 5, 2019 and the following representation documents sent by DSG on February 6 and March 18, 2019.

26.  Despite the verbal and written requests for Defendant to cease placing the collection calls, Defendant continued to place collection calls to Plaintiff's cellular phone.

27. Defendant continued to place at least fifty-one (51) telephone calls via the use of an automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular telephone.

28.  Defendant placed these calls to harass Plaintiff in such a manner so as to cause Plaintiff

to pay the alleged debt claimed by Defendant, even when Plaintiff admittedly had impaired ability to pay.

29. This telephonic harassment, which continued despite explicit instructions to cease, caused Plaintiff annoyance and harassment.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227(b)(3)(B)

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

32. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, MARK ZUMBAUGH, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC., as follows:

a. Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: fifty-one (51) for a total of twenty-five thousand five hundred dollars ($25,500.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

c. Granting Plaintiff such other and further relief as may be just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(3)(C)

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

35. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

36. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

37. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, MARK ZUMBAUGH, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, as follows:

   a. Awarding Plaintiff statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: fifty-one (51) for a total of seventy-six thousand five hundred dollars ($76,500.00);

   b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

   c. Granting Plaintiff such other and further relief as may be just and proper.

## THIRD CAUSE OF ACTION
## DEFENDANT VIOLATED THE FDCPA
## 15 U.S.C. § 1692

38. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

39. Defendant's violations of the FDCPA include, but are not limited to, the following;

   a. Defendant violated §1692c(c) of the FDCPA by communicating with Plaintiff despite written notification for Defendant to stop communicating directly with Plaintiff;

   b. Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff; and

   c. Defendant violated §1692d(5) by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff, MARK ZUMBAUGH, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, as follows:

40. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

41. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k; and

42. Awarding other such further relief as may be just, proper, and equitable.

## JURY TRIAL DEMAND

43. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: September 24, 2019    Adam T. Hill
                             Adam T. Hill
                             Law Offices of Jeffrey Lohman, P.C.
                             4740 Green River Rd., Suite 310
                             Corona, CA 92880

(657) 236-3525
adamh@jlohman.com